UPCHURCH, Judge.
Appellants, the County Commissioners of Seminole County, appeal from a final judgment requiring them to reconvey a parcel of land to appellees, the Donaldsons. At trial, the Donaldsons successfully contended they were entitled, under sections 255.22 and 255.23, Florida Statutes (1983),[1] to re- *938 conveyance of land which had been conveyed to the county by deed in August, 1963. We disagree.
This case originated on August 13, 1963, when Rana Park Corporation granted a permanent easement to Seminole County of an L-shaped piece of property to be used for road purposes. Rana Park Corporation later subdivided the adjacent property for residential construction. The property located at the corner of the “L” was eventually purchased by the Donaldsons. Since 1963, the county has constructed and maintained a road on one side of the “L”, but has not made any improvements on the other strip. In 1983, the Donaldsons commenced an action against the county to compel the reconveyance of the unimproved strip. Relying on sections 255.22 and 255.23, the court below concluded that the 1963 deed, while it was a single document, was divisible in regards to the two strips and the unimproved portion was conclusively presumed to have been abandoned.
We conclude that the action was improperly maintained under sections 255.-22 and 255.23. The conveyance to the county in 1963 consisted of a permanent easement for public road purposes. There was no conveyance of the fee. While an easement is a property interest subject to transfer by deed, section 255.22 did not contemplate the conveyance of an easement for “public road purposes” because such a reconveyance would have no effect. When a city, county or other public entity (or, for that matter, a private individual or entity) owns or holds a permanent easement for “public road purposes ”, all members of the public have the right to use the land for road purposes. This would include the Donaldsons in this case. The conveyance from the county to them would create no additional right. If the court had been dealing with an “exclusive ” easement, the effect would be different. For example, if the grantor had given the county an exclusive easement for private road purposes, then a reconveyance from the county to a private party would give them the exclusive right to use the land for road purposes. However, an easement for a use of land by the “public ” is necessarily the antithesis of an “exclusive” easement. A reconveyance under section 255.22 could not vest the fee title with the Donaldsons but, at most, would give them an easement for public road purposes.
Where an easement has been granted it becomes, in effect, an encumbrance upon the fee title and if the easement expires or is otherwise cancelled the fee is then unencumbered. The original grantor of the conveyance, Rana Park Corporation, absent its subsequent conveyance of the fee interest, remains the owner of the fee subject to the easement. If the purpose of the easement no longer is necessary, it may be extinguished. Canal Authority of State v. Mainer, 440 So.2d 1304 (Fla. 4th DCA 1983). However, under the existing circumstances, title to the fee could not devolve to the Donaldsons by operation of law under section 255.22. Having resolved this case on these grounds, we decline to address the other issues raised on appeal.
REVERSED and REMANDED for entry of judgment for appellants.
COBB, C.J., and COWART, J., concur.

. Section 255.22, Florida Statutes (1983), states as follows:
Reconveyance of lands not used for purpose specified. — In event any party owning adjoining land shall convey real property, without receipt of valuable consideration, to any municipality or county for a specific purpose for use and if such county or municipality shall fail to use such property for such purpose for a period of 60 consecutive months, then in that event upon written demand of the grant- or, or grantor’s successors in title owning such adjoining land, the municipality or county may execute and deliver a quitclaim deed to the party making such demand provided such party is the owner of land adjoining such property on at least one side. No such quitclaim deed shall be delivered hereunder un *938 less the specific purpose or use to be made of the property was disclosed to the grantee at the time of delivery of the conveyance or appeared in the conveyance or an official record of the county; provided however, that as to any such conveyance after July 1, 1967, the specific purpose of use must appear of record.
Section 255.23, Florida Statutes (1983), states: Conclusive presumption of abandonment of purpose in certain circumstances. — In event the purpose for which the property was conveyed required physical improvement or construction on such property or the maintenance thereof, any such municipality or county, failing to construct, improve or maintain such property for the period above specified shall be conclusively deemed to have abandoned the property for the purpose for which it was conveyed.